[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13577

Non-Argument Calendar

_____

JOHNNIE DEMOND JACKSON,

Plaintiff-Appellant,

*versus*

SHERIFF KEVIN R. SPROUL,
LT CARLA WATSON,
PHOEBE PUTNEY HOSPITAL,
NURSE AUDREY JOINER,
NURSE LYNN MONTGERARD,

Defendants-Appellees,

CPT JERROMA WILLIAMS, et al.,

2                    Opinion of the Court                    22-13577

Defendants.

———————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:21-cv-00028-LAG-TQL

———————————————

Before JORDAN, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Johnnie Jackson, proceeding *pro se*, appeals the district court's order granting summary judgment in favor of Sheriff Kevin Sproul, Shirley Adams, Carla Watson, and Dominique Kendricks (collectively the "jail officers"), as well as in favor of Phoebe Putney Memorial Hospital ("PPMH"), Lynn Montgerard, Audrea Joiner, Escolethia Miller, and Sherryl Haugabrook (collectively the "medical providers"), on his 42 U.S.C. § 1983 claims. After responding to the motions for summary judgment, Mr. Jackson filed motions to supplement the record, which the district court denied. On appeal Mr. Jackson argues that the court erred in granting summary judgment for the jail officers and medical providers on his § 1983 claims alleging deliberate indifference as to food and medical needs, denial of access to mail, failure to train nurses, and retaliation. He also contends that the court erred in denying his motion to supplement the record, pursuant to Fed. R. Civ. P. 15.

We review *de novo* a district court's grant of summary judgment and construe all facts and draw all reasonable inferences in favor of the non-moving party.  *See Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276-77 (11th Cir. 2001).  We review the denial of a motion to supplement for abuse of discretion.  *See Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

A party who fails to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on un-objected-to factual findings and legal conclusions, if the party was informed of the time period for objecting and the consequences on appeal for failing to object. *See* 11th Cir. R. 3-1.   However, in the absence of a proper objection, we may review the issue for plain error if necessary in the interests of justice.  *See id.*

*Pro se* pleadings are held to a less stringent standard than attorney-drafted pleadings and are, therefore, liberally construed.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  The leniency afforded *pro se* litigants with liberal construction does not give a court license to act as *de facto* counsel or permit it to re-write an otherwise deficient pleading to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).  "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).  An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it."  *Sapuppo v. Allstate Floridian*

*Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). An appellant likewise abandons a claim when he "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Id.*; *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) (holding that issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances).

As an initial matter, Mr. Jackson has waived any argument as to his claims for inadequate nutrition, mail interference, retaliation, and failure to train because the magistrate judge informed him of the timeline for objecting and he failed to object to the magistrate judge's legal conclusions regarding those claims. Further, Mr. Jackson has abandoned on appeal his argument as to his claim for inadequate medical care by failing to offer supporting arguments or authority. *See Sappupo,* 739 F.3d at 681.

Turning to the denial of the motion to supplement, "[d]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "[A]bsent an affirmative showing by the non-moving party of excusable neglect according to Rule 6(b) a court does not abuse its discretion when it refuses to accept out-of-time affidavits" filed in opposition to a summary judgment motion. *See Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980); *see also Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568

(11th Cir. 1987) (same); *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980) (same).

Here, the district court did not abuse its discretion in denying Mr. Jackson's motions to supplement the record because he failed to show excusable neglect. He did not, for example, explain why he was unable to submit his evidence with his declarations. Further, Fed. R. Civ. P. 15(d) is inapplicable because summary judgment motions are not pleadings. *See* Fed. R. Civ. P. 7(a).

**AFFIRMED.**